UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                    :
ELLEN ROBINSON                      :          3:14 CV 683 (JGM)
                                    :
V.                                  :
                                    :
CAROLYN W. COLVIN,                  :
ACTING COMMISSIONER OF              :
SOCIAL SECURITY                     :
                                    :          DATE: AUGUST 12, 2015
------------------------------------------------------- x
```

RULING ON DEFENDANT'S OBJECTION TO, CONSTRUED AS A MOTION FOR
RECONSIDERATION OF, THE RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, AND ON DEFENDANT'S MOTION TO AFFIRM THE DECISION OF
THE COMMISSIONER

On July 8, 2015, this Magistrate Judge issued a Recommended Ruling on Plaintiff's

Motion for Summary Judgment, and on Defendant's Motion to Affirm the Decision of the

Commissioner ["Recommended Ruling"], granting in part plaintiff's Motion for Summary

Judgment and denying in large part defendant's Motion to Affirm, familiarity with which is

presumed. (Dkt. #20). In the Recommended Ruling, this Magistrate Judge concluded, inter

alia,

> In her decision, the ALJ noted that plaintiff "underwent an orthopedic
> evaluation in March 2010 for ongoing back pain . . . . Physical therapy was
> recommended with no surgical intervention due to the claimant['s] use of
> tobacco[.]" (Tr. 20). The ALJ added, "claimant treated conservatively with
> pain medication and physical therapy[,]" (id.), "[a]bnormal findings upon
> clinical examination were generally limited to subjective pain complaints and
> decreased range of motion." (Tr. 22). This was the extent of the ALJ's
> reference to Dr. Mohr's medical opinion. See 20 C.F.R. §§ 404.1527(a)(2),
> 416.927(a)(2)("Medical opinions are statements from physicians and
> psychologists or other acceptable medical sources that reflect judgments
> about the nature and severity of your impairment(s), including your
> symptoms, diagnosis and prognosis, what you can still do despite
> impairment(s), and your physical or mental restrictions."). The ALJ never
> discussed Dr. Mohr's opinion that plaintiff's "signs and symptoms[,]" (Tr.
> 549), which manifested in "aching, stabbing, pressure, and occasional
> throbbing that occurs most of the time[,]" and which pain is "exacerbated by

sitting, walking, lifting, bending, [and] driving[,]" (Tr. 548), were consistent with the images of plaintiff's lumbar spine which revealed "a grade [one] borderline and grade [two] spondylolisthesis caused by bilateral spondylolysis[,]" (Tr. 549), and "moderate-to-severe bilateral foraminal stenosis secondary to disk herniation and bilateral spondylolysis." (Id.). The fact that Dr. Mohr opined that plaintiff's subjective complaints of pain are consistent with the objective diagnostic testing belies the ALJ's above-referenced conclusion that "[a]bnormal findings upon clinical examination were generally limited to subjective pain complaints . . . ." (Tr. 22).

Moreover, when considering a claimant's symptoms, including allegations of pain, the ALJ must  consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence . . . ."  20 C.F.R. §§ 404.1529(a), 416.929(a). Objective medical evidence includes "medical signs and laboratory findings[,]" and such evidence is considered along with a claimant's statements or reports, the statements or reports from a "treating or nontreating source, and others about [the claimant's] medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence . . . ."  Id.  In this case, the ALJ did not discuss the weight that she assigned to Dr. Mohr's opinion, which he based on objective medical evidence, see SSR 96-5p, 1996 WL 374183, at *2, 6 ("The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability . . ." and "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)."), and, in direct contravention to Dr. Mohr's opinion, the ALJ ultimately concluded that plaintiff was not credible with regard to her allegations of disabling pain prior to March 1, 2012.  (Tr. 21).

(At 17-18).  As stated in a footnote following the above-referenced excerpt, this Magistrate Judge quoted SSR 96-7p as follows:

If an individual's statement about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms.  The adjudicator must then make a finding on credibility of the individual's statements about symptoms and their functional effects.

(Id. at 19 n.10, quoting SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. July 2, 1996)).  This Magistrate Judge added, "[i]n this case, Dr. Mohr concluded that plaintiff's pain and symptoms were substantiated by the objective medical evidence.  Thus, the ALJ need not

embark on an independent credibility assessment."  (Id.).  Plaintiff's Motion for Summary

Judgment was granted in part,

> such that the matter [was] remanded for consideration of the medical records
> pre-dating March 1, 2012, consistent with [the] Recommended Ruling, and
> in turn, for further consideration of plaintiff's mental impairments, for further
> consideration of plaintiff's credibility in light of Dr. Mohr's findings, and for
> further consideration of plaintiff's residual functional capacity in light of the
> medical evidence of record[.]

(Id. at 25)(footnotes omitted).

On July 21, 2015, defendant filed a limited objection[1] to the Recommended Ruling,

in which defendant asserts that this  Magistrate Judge "misinterpret[ed] SSR 96-7p and,

more  generally,  the  ALJ's  important  role  in  rendering  [an]  independent  credibility

determination, which is entitled to significant deference by a reviewing Court." (Dkt. #21,

at 2).  Plaintiff neither objected to the Recommended Ruling, nor filed a brief in opposition

to defendant's Objection.  Construing defendant's Objection as a Motion for Reconsideration,[2]

this Court clarifies its Recommended Ruling as follows.

Defendant contends that "SSR 96-7p simply does not foreclose an independent

credibility analysis by an ALJ under these circumstances[,]" as "Dr. Mohr stated only that

---

[1]Defendant states that her objection is limited to the foregoing "language regarding the
ALJ's discretion to render an independent credibility assessment," and "does not object to the
outcome set forth in Judge Margolis's thorough and largely well-reasoned decision."  (Dkt. #21, at
4).

[2]In a motion for reconsideration, the movant must set "forth concisely the matters or
controlling decisions which [the movant] believes the Court overlooked in the initial decision or
order."  D. CONN. L. CIV. R. 7(c)(1).  As the Second Circuit has explained, the grounds justifying
reconsideration are "an intervening change or controlling law, the availability of new evidence,
or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of
Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013), citing Virgin Atl. Airways,
Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal quotations omitted). "[T]he
Court can grant a motion [for reconsideration] for the limited purposes of considering the effect of
an overlooked matter, and after doing so may affirm and/or clarify the original decision."  Dietrich
v. Bauer, 198 F.R.D. 397, 399 (S.D.N.Y. 2001)(internal quotations omitted).

[p]laintiff had signs and symptoms (namely, pain that [p]laintiff described as aching, stabbing, pressure, and occasional throbbing, with weakness of the lower back) concordant with her imaging."  (Dkt. #21, at 2, <u>citing</u> Tr. 548-49 (emphasis added)).  Defendant continues, "Dr. Mohr made no specific comment about whether [p]laintiff's claims, regarding the intensity, persistence, or limiting effects of those symptoms, were substantiated by the objective medical evidence."  (<u>Id.</u>).  This Court agrees.

When plaintiff was seen by Dr. Mohr, she reported pain in her left leg as a six-to-nine on a scale to ten, she reported back pain that is "aching, stabbing, pressure, and occasional throbbing[,]" along with "weakness in her low back[,]" and she reported that her pain "is exacerbated by sitting, walking, lifting, bending, driving, and lying."  (Tr. 548).  Dr. Mohr did find, upon examination, that plaintiff walks with an "awkward pitch forward antalgic gait[,]" has "the ability to heel-toe walk as well as heel and toe walk[,]" has "no pain to palpation from the occiput to the sacrum[,]" and "has had signs and symptoms of the back and leg pain concordant with her imaging."  (Tr. 549).  In the Recommended Ruling, the Court construed Dr. Mohr's findings as evidence that falls within the confines of SSR 96-7p, in that Dr. Mohr found plaintiff's statements "about pain or other symptoms . . . substantiated by the objective medical evidence[.]"   SSR 96-7p, 1996 WL 374186, at *4.  Defendant is correct that "Dr. Mohr made no specific comment about . . . the intensity, persistence, or limiting effects of those symptoms."  (Dkt. #21, Brief at 2).

SSR 96-7p lays out a "two-step process for evaluating symptoms, such as pain[:] . . .  First, the adjudicator must consider whether there is an underlying medically determinable physical . . . impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms."  SSR 96-7p, 1996 WL 374186, at *2.  Defendant is

correct that Dr. Mohr's opinion goes to step one of SSR 96-7p as he identified plaintiff's "signs and symptoms" of pain that were "concordant with her imaging." (Tr. 549). At step two,

> the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186, at *2. In this case, Dr. Mohr did not state that plaintiff's statements about the intensity, persistence or functionally limiting effect of her pain were substantiated by the imaging, just that the imaging was consistent with her signs and symptoms of pain. Thus, the ALJ must then engage in her own analysis, considering all of the available evidence, to evaluate the intensity and persistence of plaintiff's symptoms. See 20 C.F.R. §§ 404.1529(c)(1) & (c)(3). As stated in the Recommended Ruling, this evidence must include consideration of Dr. Mohr's opinion, which the ALJ did not discuss. (See Recommended Ruling, at 18-19, citing SSR 96-5p, 1996 WL 374183, at *2, 6 (S.S.A. July 2, 1996)("The adjudicator is required to evaluate all evidence in the  case record that may have a bearing on the determination or decision of disability . . . " and "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s).")).

As this Magistrate Judge has repeatedly noted, and reiterates here, "it is the province of the Commissioner, not the reviewing court, to determine the credibility of a claimant[,]" Koutrakos v. Colvin, No. 3:13 CV 1290(JGM), 2015 WL 1190100, at *18 (D. Conn. Mar. 16, 2015), citing Carroll v. Sec'y of Health & Hum. Servs., 705 F.2d 638, 642 (2d Cir. 1983); see

also Arvelo v. Colvin, No. 3:13 CV 592(CSH)(JGM), 2015 WL 403224, at *23 (D. Conn. Jan. 28, 2015), and such credibility assessment is entitled to deference by the Court.  See Arvelo, 2015 WL 403224, at *23; see also Malloy v. Astrue, No. 3:10 CV 190(MRK)(WIG),  2010 WL 7865083, at *27 (D. Conn. Nov. 27, 2010); Burrows v. Barnhart, No. 3:03 CV 342(CFD)(TPS), 2007 WL 708627, at *11-12 (D. Conn. Feb. 20, 2007).  Accordingly, the Recommended Ruling is clarified regarding the role of the ALJ as the factfinder in determining issues of credibility.

The Clerk's Office is instructed that if any party files an appeal in this district court following the administrative decision made upon remand, any subsequent appeal initially is to be assigned to this Magistrate Judge, and then to the District Judge who issued the final Ruling that remanded the case.

The parties are free to seek a district judge's review of this recommended ruling.  See 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 12th day of August, 2015.


 /s/ Joan G. Margolis USMJ
Joan Glazer Margolis
United States Magistrate Judge